IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02381-BNB-MJW

FELIX A. DEJEAN, III, and
CAROLYNE DEJEAN,

Plaintiffs,

v.

COLLEN A. GROSZ, as Trustee of the Declaration of Trust for Benefit of Colleen A. Grosz, dated 8/11/1989,
TIMOTHY C. RODELL, an individual, and
MARJORIE M. RODELL, an individual,

Defendants.

---

**ORDER**

---

This matter arises on **Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1)** [Doc. # 30, filed 1/31/2014] (the "Motion to Dismiss"), which is DENIED.

I.

This action concerns the enforceability of a restrictive covenant contained in a 1957 Deed which provided that not more than one detached single family dwelling could be constructed on Lot 5 in Block 1, Promontory Subdivision, Aspen, Colorado (the "Property"). Complaint [Doc. # 1] at ¶16.[1] The restrictive covenant is recorded in the real property records of Pitkin County, Colorado. Id. at ¶15. Contrary to the restrictive covenant, however, the Property was subdivided as a condominium development in 1979, and a duplex has existed on the Property

---

[1]The 1957 Deed contains a second restrictive covenant that "no structure placed on this lot shall exceed twenty feet in height (chimneys excluded). . . ." Deed [Doc. # 31-1].

since 1979. Id. at ¶¶19-20.

From August 1988 until February 1994, both units of the duplex were owned by a single individual. Subsequently, defendant Grosz, as trustee for a trust, acquired title to Unit A of the duplex. Id. at ¶4. The plaintiffs own Unit B of the duplex. Id. at ¶2. Unit A of the duplex is known as 211 East Midland Avenue, Aspen, Colorado; Unit B of the duplex is known as 215 East Midland Avenue; and the Rodells own real property known as 201 Midland Avenue. Id. at ¶¶2, 4, and 6.

The plaintiffs allege that the existence of the restrictive covenant "adversely affects the marketability of the [Property]." Id. at ¶21

The Complaint's single claim for relief seeks a declaration that the restrictive covenant "has terminated and is not applicable as an encumbrance" on the Property. In support, the plaintiffs cite the Colorado adverse possession statute, which provides in part:

> No person shall commence or maintain an action . . . to enforce or to establish any right or interest of or to real property . . . unless commenced within eighteen years after the right to bring such action . . . has first accrued.

Section 38-41-101(1), C.R.S.

The defendants move to dismiss the Complaint arguing that (1) there is no present case or controversy concerning the enforceability of the restrictive covenant and (2) this court lacks subject matter jurisdiction because the $75,000 amount in controversy requirement of 28 U.S.C. § 1332 is not satisfied.

II.

A motion to dismiss based on the absence of a case or controversy under Article III of the Constitution is treated as a motion under Rule 12(b)(1), Fed. R. Civ. P. Bateman v. City of West

Bountiful, 89 F.3d 704, 706 (10th Cir. 1996). Similarly, the defendants' jurisdictional challenge based on the plaintiffs' alleged failure to satisfy the amount in controversy requirement also is made under Rule 12(b)(1). Enbridge Pipelines (Ozark), LLC v. Bailey, 2009 WL 1941966 *1 (N.D. Okla. July 2, 2009).

The Tenth Circuit Court of Appeals has explained:

> Rule 12(b)(1) motions generally take one of two forms. First, a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction. In reviewing a facial attack, the district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based. . . . In reviewing a factual attack, a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. In the course of a factual attack under Rule 12(b)(1), a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion.

Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001)(internal quotations and citations omitted).

Here, the parties have offered affidavits and other documents in connection with the Motion to Dismiss, creating a factual attack to the court's subject matter jurisdiction.

III.

This declaratory judgment action is based on diversity jurisdiction. Consequently, "federal law will be applied and will control whether or not the court can render a declaratory judgment, [but] state law is to be applied to the underlying substantive issues." Ins. Co. of the State of Pennsylvania v. Hanover Ins. Co., 2014 WL 1515551 *1 (D. Colo. Apr. 18, 2014).

The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate

pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The phrase 'case of actual controversy' in the Act refers to the type of 'Cases' or 'Controversies' that are justiciable under Article III of the United States Constitution." Coumbian Fin. Corp. v. BancInsure, Inc., 650 F.3d 1372, 1376 (10th Cir. 2011)(internal citations omitted). Our circuit court has cautioned that "Article III has long been interpreted as forbidding federal courts from rendering advisory opinions." Id. "It is not the role of federal courts to resolve abstract issues of law. Rather, they are to review disputes arising out of specific facts when the resolution of the dispute will have practical consequences to the conduct of the parties." Id. The central question in deciding whether a declaratory judgment action satisfies the case or controversy requirement is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genetech, Inc., 549 U.S. 118, 127 (2007).

This case presents a substantial controversy between landowners with competing interests. The plaintiffs claim that as a result of more than 18 years of inaction, the defendants have lost the right to enforce the restrictive covenant contained in the 1957 deed and recorded in the real property records of Pitkin County, Colorado. There is nothing hypothetical about the dispute, and a declaration will be more than a mere advisory opinion.

My conclusion that the parties have competing property interests is bolstered by the fact that in 2008 the defendants (and others) brought suit to enforce against the Zales, who are not parties here, the related height restriction contained in the 1957 Deed. Motion to Dismiss [Doc.

# 30] at pp. 2-3.

Nor does there appear to be another way for the plaintiffs to obtain clarity as to their rights and obligations with respect to the property. The defendants have failed to enforce the single family dwelling requirement for more than 18 years despite the presence of a non-conforming duplex. The plaintiffs now seek to sell their interest in the Property, but the restrictive covenant certainly burdens that interest. In fact, there is evidence that the restrictive covenant renders the plaintiffs' interest unmarketable or, at a minimum, adversely affects its value. Affidavit of Mary Anne Meyer [Doc. # 31-2] (the "Meyer Aff.") at ¶¶9, 12.

I find that there is a real and immediate controversy concerning the enforceability of the restrictive covenant which warrants the issuance of a declaratory judgment.

IV.

The defendants also challenge the jurisdiction of the court arguing that the plaintiffs have not satisfied the $75,000 amount in controversy requirement of 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the existence of federal subject matter jurisdiction. Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002). When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, "all the plaintiff needs to do is allege an amount in excess of $75,000 and he will get his way, unless the defendant is able to prove to a legal certainty that the plaintiff's claim cannot recover the alleged amount. McPhail v. Deere & Co., 529 F.3d 947, 953 (10th Cir. 2008). In addition, the "sum claimed by the plaintiff controls if the claim is apparently

made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). There is a "strong presumption favoring the amount alleged by the plaintiff" and "it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied." Woodmen of World Life Ins. Society v. Manganaro, 342 F.3d 1213, 1216-17 (10th Cir. 2003). In cases seeking declaratory relief, "the value of the object of the litigation" is "the pecuniary effect an adverse declaration will have on either party to the lawsuit." City of Moore v. Atchison, Topeka & Santa Fe Ry. Co., 699 F.2d 507, 509 (10th Cir. 1983).

Here, the Complaint alleges that "[t]he amount in controversy in this civil action is approximately $500,000.00, which is more than the $75,000.00 minimum required under federal law." Complaint [Doc. # 1] at ¶9. The allegations of the Complaint are supported by the Meyer Aff. [Doc. # 31-2], prepared by a licensed real estate agent in the Aspen market, which indicates that the property, listed at $2.7 million, is "unmerchantable," id. at ¶¶5, 9, and "[a]s a result of the single-family deed restriction, prospective purchasers . . . seek steep price concessions in excess of $75,000.00 from the listed price. . . ." Id. at ¶12. Although the defendants have offered evidence which contradicts the allegations of the Complaint and the Meyer Affidavit, I cannot say "to a legal certainty" that the plaintiffs cannot recover the jurisdictional amount of $75,000 or that the sum claimed by the plaintiffs is not made in good faith.

IT IS ORDERED that the Motion to Dismiss [Doc. # 30] is DENIED

DATED May 21, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge