## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02381-NYW-MJW

FELIX A. DEJEAN, III, an individual,
CAROLYNE DEJEAN, an individual,

Plaintiffs,

v.

COLLEEN A. GROSZ, as Trustee of the Declaration of Trust for Benefit of Colleen A. Grosz,
dated August 11, 1989,
TIMOTHY C. RODELL, an individual,
MARJORIE M. RODELL, an individual,

Defendants.

_____

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE EXPENSES
_____

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiffs Felix A. DeJean, III and Carolyne DeJean's (collectively, "Plaintiffs" or the "DeJeans") Motion for Attorneys' Fees and Non-Taxable Expenses, filed on November 13, 2014 [#57] (the "Motion for Fees"). Pursuant to the Order of Reference dated January 8, 2014 [#25], the Reassignment dated January 8, 2014 [#24], and the Reassignment dated February 19, 2015 [#68], the Motion for Fees is before this Magistrate Judge. The court has reviewed the pending Motion for Fees, Defendants Colleen A. Grosz ("Ms. Grosz"), Timothy C. Rodell ("Mr. Rodell"), and Majorie M. Rodell's ("Ms. Rodell," and with Mr. Rodell, the "Rodells") (collectively, "Defendants") Response [#64], Plaintiffs' Reply [#66], and any exhibits thereto. Satisfied that the Motion for Fees can be

resolved on the record before the court without the need for oral argument from counsel for the

Parties, for the reasons discussed below, the court DENIES the Motion for Fees.

## BACKGROUND

### I.   Plaintiffs' Complaint

The DeJeans filed their Complaint in this matter on September 3, 2013.   [#1] (the

"Complaint").   The following is a summary of certain relevant allegations from Plaintiff's

Complaint (allegations that, where factual, were not disputed at summary judgment).

Plaintiffs own a condominium designated as Unit B in a duplex located in Aspen,

Colorado.   [#1 at ¶ 2].   Defendant Colleen Grosz owns Unit A in the same duplex.   [*Id.* at ¶ 4].

Both units are located at located on "Lot 5 in Block 1, Promontory Subdivision."   [*Id.* at ¶ 14].

The Rodells own property located near the duplex in the same subdivision.   [*Id.* at ¶¶ 6, 17].

By warranty deed recorded on November 22, 1957, "Benedict Land and Cattle Company

conveyed Lot 5 to Robert Barnard."   [*Id.* at ¶ 15].   The deed from Benedict Land and Cattle

Company to Mr. Barnard (the "Benedict Deed") contained a single family dwelling restriction.

[*Id.* ¶ 16].

According the Complaint, "There has been a duplex on Lot 5 since at least 1979."   [*Id.*

at ¶ 19].   Moreover, since 1979, "Lot 5 has been subdivided as a condominium development,

with a map and declaration, containing two units.   [*Id.* at ¶ 20].   Plaintiffs' alleged that the

dwelling restriction contained in the Benedict Deed decreased the value of Unit B by $500,000

as of the time of the filing of their Complaint.   [*Id.* at ¶¶ 21-22].

Based on these allegations, Plaintiffs sought a declaratory judgment from this court that

"declaratory judgment that the Benedict Single Family Dwelling Restriction is not enforceable

against Unit B or Lot 5" based on grounds including, *inter alia*, that the "Defendants no longer

have the right to enforce the Benedict Single Family Dwelling Restriction against Unit B or Lot 5" because Defendants' rights to enforce the applicable restriction were terminated pursuant to Colorado's adverse possession statute C.R.S. § 38-41-101. [*Id.* at ¶ 27].

## II.   Relevant Motion Practice and Summary Judgment Order

On November 4, 2013, Defendants moved to dismiss this action as barred by res judicata. [#7] ("Claim Preclusion Motion to Dismiss").[1]  According to Defendants' Motion to Dismiss, in 2006, "Defendants, among others, commenced an action against the DeJeans, among others, in the District Court for Pitkin County, Colorado, Case Number 2006 CV 231 (the 'Prior Action')." [#7 at 2].  In the Pitkin County litigation, the DeJeans brought a number of counterclaims (including one pursuant to C.R.S. § 38-41-101) seeking a declaratory judgment that the same single family dwelling use restriction at issue in this case was invalid or otherwise unenforceable. [*Id.* at 2-4].

On January 14, 2014, while the Claim Preclusion Motion to Dismiss was pending, this court held a Status Conference.  At the Status Conference, this court denied the Res Judicata Motion to Dismiss without prejudice, and ordered that Defendants were to file any motion premised on the "absence of subject matter jurisdiction . . . on or before January 31, 2014." [#27].  On January 31, 2014, Defendants filed a motion challenging subject matter jurisdiction, contending that the $75,000 amount in controversy required for the court to hear this case in diversity was not met because the alleged $500,000 diminution in the value of Unit B was

---

[1] The Colorado Supreme Court has expressed a preference for the terms "claim preclusion" and "issue preclusion" over the terms "res judicata" and "collateral estoppel" because "res judicata is oftentimes used as an overarching label for both claim and issue preclusion" and "such usage may lead to confusion." *Farmers High Line Canal & Reservoir Co. v. City of Golden*, 975 P.2d 189, 196 n.11 (Colo. 1999).  Accordingly, the court will again use the term "claim preclusion" in instances where the applicable pleadings and motion papers may have referred to "res judicata."

"speculative," and based on Defendants' assertion that Plaintiffs had already recovered any damages as against Stewart Title Guaranty Company in prior litigation. [#30] ("Subject Matter Jurisdiction Motion to Dismiss"). Defendants also argued that no actual controversy existed as between the Parties sufficient to confer jurisdiction to this court to enter a declaratory judgment. [*Id.*].

On May 21, 2014, the court denied Defendants' Subject Matter Motion to Dismiss. [#37]. The court found that this "case presents a substantial controversy between landowners with competing interests." [*Id.* at 4]. The court's conclusion that a justiciable controversy existed was based in part on the prior Pitkin County litigation between Defendants, the DeJeans, and other parties, where Defendants had sought to enforce a height restriction contained in the same deed at issue in this case. [*Id.*]. In determining that the amount in controversy requirement was met, the court found that although Defendants offered some evidence tending to rebut Plaintiffs' claimed damages, the court was unable to find on the record before it "to a legal certainty that the plaintiffs cannot recover the jurisdictional amount of $75,000 or that the sum claimed by the plaintiffs is not made in good faith." [*Id.* at 5-6].

On June 3, 2014, Defendants filed a renewed Motion to Dismiss premised on claim preclusion. [#38] ("Renewed Motion to Dismiss"). On August 12, 2014, pursuant to the court's Scheduling Order, before the Renewed Motion to Dismiss was fully briefed, both sets of Parties filed motions for summary judgment. [#46 (Plaintiffs' "Motion for Summary Judgment"), #47 (Defendants' "Motion for Summary Judgment")]. Defendants' Motion for Summary included the claim preclusion arguments asserted in Defendants' prior motions to dismiss. [#47].

On October 29, 2014, the court granted the DeJeans' Motion to Summary Judgment and denied Defendants' Motion for Summary Judgment.  [#54].  In so ruling, the court found that claim prelcusion did not apply because there was no dispute that the DeJeans' adverse possession declaratory judgment claim had not yet ripened as against the Rodells during the pendency of the Pitkin County litigation.  [*Id.* at 10].  Moreover, the court found that the DeJeans' adverse possession claim had not yet ripened as to Ms. Grosz (an issue not reached by the state court in the Pitkin County litigation).  [*Id.* at 11].  The court found the remainder of Defendants' arguments in support of summary judgment to be unavailing.  [#54].  The court also granted Plaintiffs' Motion for Summary Judgment, finding that the elements supporting prescriptive expiration of enforceability of the single dwelling restriction as to the Rodells and Ms. Grosz under Colorado law were established by the undisputed facts before the court.  [#54 at 17-20].

On October 30, 2014, based on the court's Order granting summary judgment, judgment was entered in favor of the DeJeans.  [#55].

## III.    Plaintiffs' Motion for Fees

On November 11, 2013, Plaintiffs timely moved this court for an award of attorney's fees and non-taxable expenses.  [#57].  Of note to the present disposition, the only statutory provisions cited in support of Plaintiffs' request for attorney's fees are (1) C.R.S. § 38-33.3-123; and (2) C.R.S. § 13-17-102.  [*Id.* at 3].

## ANALYSIS

### I.      Standard of Review

Under the "bedrock principle" known "as the American Rule," each litigant presumptively "pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53, 130 S.Ct. 2149, 176 L.Ed.2d 998 (2010) (quotation marks omitted); *see also* Fed. Rule Civ. P. 54(b)(2)(B)(ii) (requiring a party moving for attorney's fees to "specify the judgment and the statute, rule, or other grounds entitling the movant to the award" in party's moving papers").   This rule is "deeply rooted in our history and in congressional policy." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 271, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).   It is based on the principle that requiring an unsuccessful litigant to pay the litigation expenses of the prevailing party would potentially unduly deter parties from seeking to "vindicate their rights" in a judicial forum.  *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967).

### II.     Application to Plaintiff's Motion for Fees

#### A.      Analysis of Colorado Common Interest Ownership Act as Basis for Fees

Under the Colorado Common Interest Ownership Act (C.R.S. § 38-33.3-101 *et seq.*), pursuant to C.R.S. § 38-33.3-123, a unit owner may seek attorney's fees for any "failure to comply with the provisions of this article or any provision of the declaration, bylaws, articles, or rules and regulations" of a common interest community."  C.R.S. § 38-33.3-123.   In arguing that C.R.S. § 38-33.3-123 applies to the claims and defenses at issue in this litigation, Plaintiffs point to the existence of a 1979 instrument providing for subdivision of Lot 5 into condominium units.  [#57 at 4 & 57-1] (the "Declaration").  But Plaintiffs do not identify any provision in this

Declaration that Ms. Grosz or the Rodells failed to comply with giving rising to this litigation—much less any provision vindicated by the court's Order and Judgment finding that Defendants' rights to enforce the single family dwelling restriction contained in the Benedict Deed had been extinguished as to Defendants by operation of Colorado's adverse possession law as codified by C.R.S. § 38-41-101. Accordingly, the court finds that the Colorado Common Interest Ownership Act does not provide a valid statutory basis for seeking fees pursuant to Fed. Rule Civ. P. 54(b)(2)(B) in this action.

> **B.    Analysis of C.R.S. § 13-17-102 as Basis for Fees**

Plaintiffs also argue that attorney's fees may be awarded as against Defendants pursuant to C.R.S. § 13-17-102. [#57 at 5-11]. Under this statutory scheme, fees may be sought against "any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification." C.R.S. § 13-17-102(2).

But the Tenth Circuit has previously recognized that, in diversity cases, fee-shifting statutory provisions are to be treated as procedural in instances where (as here) fees are to be awarded pursuant to statute "based on a litigant's 'bad faith' conduct in litigation.'" *Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1279 (10th Cir. 2011) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 52-53, 111 S.Ct. 2123 (1991)). Federal courts sitting in diversity typically apply federal procedural law and state substantive law. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Moreover, courts in this district have repeatedly held that, "to the extent Colo.Rev.Stat § 13–17–101 *et seq.* is inconsistent with the procedural safe-harbor provisions of Rule 11, it is preempted." *Spratt v. Leinster*, No. 06–cv–01526–WDM–KLM, 2007 WL 2412826, at *1 (D. Colo. Aug. 21, 2007) (citing *McCoy v. West*, 965 F.Supp. 34, 35 (D. Colo. 1997) (quotation omitted); *see also Kazazian v. Emergency Service Physicians, P.C.*,

300 F.R.D. 672, 676-77 (D. Colo. 2014) (holding same); *Martinson v. Professional Bureau of Collections of Maryland, Inc.*, No. 09–cv–02145–MSK–BNB, 2010 WL 3777282, at *3 (D. Colo. Sept. 21, 2010) ("The state statute does not contain a 'safe harbor' provision and therefore is inconsistent with Rule 11.  Accordingly, it is Rule 11 that is applied here.").

Because Plaintiffs admittedly did not comply with Rule 11's safe harbor requirement in challenging the positions taken by Defendants in the serial motion practice Plaintiffs only now take issue with after judgment has entered in Plaintiffs' favor [#66 at 5-6], the court finds that it cannot award fees pursuant to C.R.S. § 13-17-102(2).  Moreover, the court has reviewed Defendants' motions to dismiss and motion for summary judgment, and notes that while the court previously found the arguments advanced to be ultimately unavailing, none of them in the view of the undersigned lacked "substantial justification" as contemplated by C.R.S. § 13-17-102(2).

## CONCLUSION

Based on the court's review of the papers and supporting evidence, and application of the pertinent case law, IT IS HEREBY ORDERED that:

(1) Plaintiffs' Motion for Attorneys' Fees and Non-Taxable Expenses [#57] is DENIED.

DATED:  July 24, 2015.                                         BY THE COURT:

                                                              *s/* Nina Y. Wang
                                                              United States Magistrate Judge